UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL P. CASTELLUCCI,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON POLICE COMMISSIONER, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No. 21-cv-11178-LTS<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER

September 21, 2021

SOROKIN, D.J.

    *Pro se* plaintiff Michael P. Castellucci, who is incarcerated at the Bristol County Jail, has filed a civil complaint and paid the $402 filing fee. In his complaint, Castellucci claims that, on, July 29, 2019, three Boston Police officers unlawfully "tackled [him], assaulted, punched, kicked and hit [him] with a baton multiple times." Compl. ¶ 4. Castellucci further alleges that he was transported thereafter to a hospital for treatment of his injuries. He also claims that "the officers involved body camera footage is actively recording, the incident. *Id.* ¶ 13. Castellucci asserts that his constitutional rights were violated.

    Castellucci names as defendants Boston Police Commissioner William Gross and Boston City Council President and Interim Boston Mayor Kim Janey as defendants. He seeks $500,000 in damages and a trial jury.

Reviewing the action pursuant to 28 U.S.C. § 1915A,[1] the Court concludes that Castellucci has failed to state a claim for relief against the two named defendants.

The Court construes this action under 42 U.S.C. § 1983 ("§ 1983"), which is the vehicle by which a plaintiff may assert claims for violation of his civil rights by a person acting "under color" of state law.  *See* 42 U.S.C. § 1983.  In the context of a claim under § 1983, "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable."  *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005).  In other words, a commissioner, superintendent, or other supervisory employer cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the supervisor must have had some form of direct involvement in the alleged misconduct.  *See id.*; *Feliciano-Hernandez v. Pereira-Castillo*, 663 F.3d 527, 536 (1st Cir. 2011) ("[N]ot every official who is aware of a problem exhibits deliberate indifference by failing to resolve it." (internal quotation marks omitted)).  A supervisor's direct involvement includes "personally participating in the constitutional violation, direct[ing] their subordinates to act unlawfully, or know[ing] their subordinates will act unlawfully but fail to stop them."  *Bowens v. Superintendent of Miami S. Beach Police Dep't*, 557 Fed. App'x 857, 861 (11th Cir. 2014).  Thus, to state a viable § 1983 claim, a plaintiff must allege specific factual content which identifies the wrongful conduct of a defendant and permits a court to reasonably infer that the defendant was directly involved in a constitutional violation.

Here, Castellucci has not alleged any facts from which the Court may reasonably infer that the defendants Gross and Janey were personally involved in the alleged assault on him.

---

[1] The statute requires the Court to conduct a preliminary review of a complaint filed by a prisoner against a governmental entity or employer.  The Court is required to dismiss any claims that are malicious, frivolous, seek monetary damages against a party that is immune from said damages, or fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b).

Castellucci claims that three "unknown" Boston Police officers carried at the assault, but, because he does not know their true identities and he has not named them as defendants, summonses cannot be issued for them.

Accordingly, if Castellucci wishes to pursue this action, he must, within 42 days, file an amended complaint in which he identifies the alleged misconduct of each defendant, such that the Court may reasonably infer that each defendant was involved in the alleged constitutional violation.  Castellucci may request an appropriate subpoena to a party or non-party to try to discover the true identities of the unknown police officers.  The Court requires that this request be submitted as a motion, and that the Clerk only issue the requested subpoena(s) upon the Court's order.

The Court warns Castellucci that failure to comply with this directive will result in dismissal of the action.  If Castellucci needs additional time to discover the identity of the unknown Boston Police officers, he may, prior to the deadline for filing the amended complaint, file a motion for an extension of time.

SO ORDERED.

    /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE