UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL P. CASTELLUCCI,<br><br>  Plaintiff,<br><br>  v.<br><br>BOSTON POLICE COMMISSIONER, et al.,<br><br>  Defendants. | Civil Action No. 21-cv-11178-LTS |

ORDER

January 4, 2022

SOROKIN, D.J.

*Pro se* plaintiff Michael P. Castellucci brings this action in which he alleges that three Boston Police Officers used excessive force against him on July 29, 2019. In the original complaint, Castellucci named the Boston Police Department Commissioner and Boston's Interim Mayor as defendants. In an earlier order, the Court ordered Castellucci to file an amended complaint. (Docket No. 6).

On December 14, 2021, Castellucci filed an amended complaint, in which he names Officer James O'Brien and the City of Boston as defendants. (Docket No. 13). Castellucci is suing Officer O'Brien in his individual and official capacities. Castellucci also filed a motion for appointment of counsel.

Upon review of these documents, the Court hereby orders:

1. The Clerk shall amend the docket to reflect that Castellucci is no longer asserting claims against the original defendants and that Officer O'Brien and the City of Boston are now the defendants.

2. The official capacity claim against Officer O'Brien is DISMISSED without prejudice because it is duplicative of the claim against the City of Boston.  Claims against a person acting his personal or individual capacity "seek to impose personal liability upon a government official for actions he takes under color of state law." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  In contrast, official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690, n. 55 (1978)).

3. The Clerk shall issue a summons for Officer O'Brien.  Castellucci must ensure that the summons, amended complaint, and this order are served on Officer O'Brien within 90 days.  Service must be done in accordance with Rule 4 of the Federal Rules of Civil Procedure.  Fail to complete service within the 90-day period may result in dismissal of the action without prior notice to the plaintiff.

In the alternative Castellucci may ask Officer O'Brien to waive service of the summons.  *See* Fed. R. Civ. P. 4(d).  If Officer O'Brien waives service of the summons, Castellucci shall file a copy of the waiver with the Court.  The Clerk shall provide Officer O'Brien with the forms for requesting a waiver of service.

4. At this point, a summons will not issue for the City of Boston because Castellucci has failed to state a claim upon which relief may be granted against this defendant.

To plead a claim under 42 U.S.C. § 1983 against a municipality, a plaintiff must allege facts from which the Court may reasonably infer that official policy was the "moving force"

behind a constitutional violation physically carried out by the municipality's employees or agents. *See Monell*, 436 U.S. at 694. Here, Castellucci has not alleged that an official policy of the City of Boston was the moving force behind Officer O'Brien's wrongful conduct.

In addition, Castellucci has not alleged a state law tort claim against the City of Boston. Under the Massachusetts Tort Claim Act ("MTCA"), a public employer is not vicariously liable for the intentional torts (including assault or battery) of its employees. *See* M.G.L. ch. 258, §§ 2, 10(c). In addition, Castellucci has not alleged any independent negligent conduct on the part of the City of Boston, such as a negligent failure to supervise or train. *See, e.g.*, *Dobos v. Driscoll*, 404 Mass. 634, 653 (1989) (explaining that municipalities can be sued under the MTCA for supervisory negligence "where the supervisory officials allegedly had, or should have had, knowledge of a public employee's assaultive behavior"); *Chaabouni v. City of Boston*, 133 F. Supp. 2d 93, 96-98 (D. Mass. 2001) (holding that, while a city could not be held liable for the alleged assault and battery committed by police officers, it may be liable under the MTCA for its own alleged negligence in failing to train and supervise the officers if said negligence caused the wrongful conduct of the employee).[1]

5.   The motion for appointment of counsel is DENIED without prejudice to renewal after Officer O'Brien has been served with and responded to the complaint.

SO ORDERED.

/s/ Leo Sorokin
UNITED STATES DISTRICT JUDGE

---

[1] In addition, prior to bringing an action under the MTCA, a plaintiff must "have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing." M.G.L. ch. 258, § 4.